UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| ADAM HERTZBERG, individually and on behalf of all others similarly situated;<br><br>      Plaintiff,<br><br><br><br> -v.-<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC<br><br><br><br>      Defendant(s). | Civil Action No: 2:24-cv-10397<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adam Hertzberg, (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Healthcare Revenue Recovery Group, LLC (hereinafter, "Defendant" or "HRRG"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws "were inadequate" Id §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen.

8. At all times material hereto. Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323 or c/o Corporation Service Company located at 830 Bear Tavern Road, Ewing, NJ, 08628.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fe23 d. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant communicated with the consumers;

    c. in a method that Defendant knew or should have known that said communication was inconvenient for the consumers;

    d. which improper collection actions occurred on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the form attached as Exhibit C**, violate 15 U.S.C. §§ l692c, 1692d, 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, **in the forms attached as Exhibit C** violate 15 U.S.C. § l692c, 1692d, 1692e and §1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 20, 2024, an obligation was allegedly incurred by the Plaintiff to Emergency Physician Services of NJ PA (hereafter referred to as "EPSNJ").

22. The EPSNJ obligation arose out of a transaction in which Plaintiff allegedly received medical services from EPSNJ.

23. The alleged EPSNJ obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

*Violation – Failure to Communicate with Plaintiff in Requested Method*

24. On or about March 20, 2024, Defendant HRRG sent the Plaintiff a collection notice regarding the alleged debt owed to EPSNJ in the amount of $421.74. *See* Attached hereto as Exhibit A.

25. On or about April 19, 2024, Plaintiff responded to the Defendant as follows:

My name is Adam Hertzberg. This letter is being sent in response to the collection actions recently taken by your company. I dispute this debt.

*See* Debt Validation Request hereto as Exhibit B (emphasis added).

26. More specifically, Plaintiff requested that "[a]ny communications going forward should be sent to my email address:***********@gmail.com." *Id.*

27. On or about July 15, 2024, HRRG responded to the Plaintiff by summarizing the debt and provided the information regarding the original creditor. *See* HRRG's Response heretofore referred as Exhibit C.

28. Most notably, Defendant HRRG chose to respond to Plaintiff's dispute *via regular mail* and *not* via email as Plaintiff expressly requested in Plaintiff's Debt Validation Request.

*See* Exhibit B.

29. Plaintiff expressly requested in his Debt Validation Request that Defendant communicate strictly via email. *See* Exhibit B.

30. Defendant ignored Plaintiff's express request and responded via regular mail despite the fact that Defendant had actual notice that regular mail was an inconvenient means of communication for the Plaintiff.

31. Furthermore, Defendant failed to actually validate the debt, just restated the amount he owed without any proof as to such amounts, for which Plaintiff is still disputing the validity of this debt.

32. Defendant's conduct had the effect of harassment or abuse, or oppression by communicating via regular mail after Plaintiff expressly requested in writing for Defendant to cease communication via regular mail and only consented to communication via email.

33. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

34. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

35. As a result of Defendant's illicit communication, harassment, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c
### *et seq.*

36. Plaintiff repeats, reiterates and incorporates the allegations contained paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

38. Pursuant to 15 U.S.C. § 1692c, "a debt collector may not communicate with a consumer in connection with a the collection of any debt – (1) at any unusual time or place known or which should be known to be inconvenient to the consumer."

39. The term, "time and place" is not limited to the actual time and place, rather, it includes the prohibition for a debt collector to communicate with the consumer in a method that debt collector knew or should have known to be inconvenient to the consumer. *Lupia v. Medicredit, Inc.*, 8 F.4th 1184 (10th Cir. 2021).

40. Defendant violated § 1692 c:

    a. As the Defendant communicated with the Plaintiff via regular mail after Plaintiff expressly requested in writing that further communications should be conducted strictly via email.

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c of the FDCPA, actual damages, statutory damages, costs and attorney fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d**
***et seq.***

42. Plaintiff repeats, reiterates and incorporates the allegations contained paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d.

44. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass or oppress, or abuse any person in connection with the collection of a debt.

45. Defendant violated § 1692d:

    a. As the Defendant blatantly ignored Plaintiff's April 19, 2024 express written request to cease communication via regular mail by responding to Plaintiff's dispute via regular mail on July 15, 2024.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e et seq.**

47. Plaintiff repeats, reiterates and incorporates the allegations contained paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated §1692e:

   a. As the Defendant blatantly ignored Plaintiff's April 19, 2024 express written request to cease communication via regular mail by responding to Plaintiff's dispute via regular mail on July 15, 2024.

   a. By making false and misleading representations/omissions in violation of §1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

55. Defendants violated § 1692f:

   a. As the Defendant communicated with Plaintiff via regular mail, after Plaintiff expressly requested that further communication should be strictly via email.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Adam Hertzberg, individually and on behalf of all others similarly situated demands judgment from Defendant Healthcare Revenue Recovery Group, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff injunctive relief by means of suspension of all debt collection activities related to the alleged debt by Defendants against Plaintiff while the instant litigation is pending;

3. Awarding Plaintiff and the Class statutory damages;

4. Awarding Plaintiff and the Class actual damages;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
       November 8, 2024

                                                  /s/ *Yaakov Saks*
By:  Yaakov Saks, Esq.
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101.
ysaks@steinsakslegal.com
*Counsel for Plaintiff*