<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADAM HERTZBERG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC,<br><br>　　　　Defendant. | Civil Action No. 24-10397 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>July 16, 2025 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court on Defendant Healthcare Revenue Recovery Group, LLC's motion to dismiss (D.E. 7) Plaintiff Adam Hertzberg's complaint (D.E. 1 ("Compl.")), and this Court having reviewed the parties' submissions; and

**WHEREAS** Plaintiff received a collection notice concerning a debt via regular mail from Defendant on or around March 20, 2024. (Compl. ¶ 24.) On or around April 19, 2024, Plaintiff responded via regular mail with a letter stating that he disputed the debt and that "[a]ny communications going forward should be sent to [his] email address," which he provided. (*Id.* at ¶¶ 25–26; D.E. 1-2.) On or around July 15, 2024, Defendant responded via regular mail with a letter identifying the original creditor and summarizing the debt (Compl. ¶¶ 27–28; D.E. 1-3 ("Response Letter")); and

**WHEREAS** Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by mailing him the Response Letter instead of emailing it. (Compl. ¶¶ 40, 45, 50, 55.) He relies on the FDCPA provisions forbidding debt collectors from 1) "communicat[ing] with a consumer in connection with the collection of any debt … at any

1

unusual time or place or a time or place known or which should be known to be inconvenient to the consumer," 2) "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 3) "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," and 4) "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. §§ 1692c–f; and

**WHEREAS** mailing a letter to Plaintiff via regular mail is not a violation of any of these provisions. Plaintiff's letter did not inform Defendant of an inconvenient time or place for communication. It stated that future communications should be sent through email, which communicates only "an inconvenient *manner* of communication, not an inconvenient time or place for communication," *Kirk v. Credit Mgmt. L.P.*, Civ. No. 23-482, 2024 WL 3240564, at *1 (M.D. Ala. June 28, 2024) (emphasis added) (finding no FDCPA violation when collector mailed letter after consumer stated that "the only convenient way to contact her is via email"); and

**WHEREAS** Plaintiff argues that in addition to forbidding communications at an inconvenient time or place, the FDCPA also forbids the use of an inconvenient "medium" of communication. (D.E. 10 at 3.) He cites no case law in support (*id.*), and other courts have specifically held that sending a letter in the mail, even after a request for only email communication, is not an FDCPA violation, *see, e.g.*, *Marion v. Portfolio Recovery Assocs., L.L.C.*, Civ. No. 24-3649, 2024 WL 5104766, at *3 (N.D. Ga. Oct. 25, 2024) (collecting cases holding that mailing a letter after email has been requested does not violate the FDCPA); *Kirk*, 2024 WL 3240564, at *1–2; *Marks v. Javitch Block LLC*, Civ. No. 23-431, 2024 WL 1134037, at *2 (E.D. Tex. Mar. 14, 2024) (finding that plaintiff failed to state a claim when he "d[id] not state

2

that the place at issue … was inconvenient, but rather the medium of the communication—a letter—caused harm"), and;

**WHEREAS** 15 U.S.C. § 1692g(b) also requires debt collectors to "mail[]" a verification of any disputed debt to a consumer, which Defendant did here.  Plaintiff argues that the regulation at 12 C.F.R. § 1006.42 permits debt collectors to send disclosures electronically (D.E. 10 at 5), but that regulation does not change the requirements of 15 U.S.C. § 1692g(b).  It also contains two other provisions relevant here: when someone "initiates contact with a debt collector using a medium of communication that the person previously requested the debt collector not use, the debt collector may respond once through the same medium of communication," and a debt collector may communicate "through a medium of communication that the person has requested the debt collector not use" when otherwise required by law.  12 C.F.R. § 1006.14(h)(2)(ii)–(iii).  Here, Plaintiff had responded to Defendant's initial letter via postal mail, *see Kirk*, 2024 WL 3240564, at *3 (applying exception allowing for response via communication method used by consumer), and § 1692g(b) required Defendant to "mail[]" the debt verification; and

**WHEREAS** Plaintiff also fails to identify a viable reason why Defendant's mailing the letter was harassing, oppressive, abusive, deceptive, misleading, unfair, or unconscionable; therefore

Defendant's motion to dismiss is **GRANTED** and the complaint is **DISMISSED**.  An appropriate order follows.

                                                      /s/ *Susan D. Wigenton*
                                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Jessica S. Allen, U.S.M.J.